```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                  *
JAMES L. CUNNINGHAM,
                                  *
     Plaintiff,
                                  *
v.                                        CIVIL NO.: 05-CV-1084
                                  *
ASSOCIATION OF UNIVERSITIES
FOR RESEARCH IN ASTRONOMY,        *
INC.
                                  *
     Defendant.
                                  *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

James Cunningham, *pro se*, has sued his former employer, the Association of Universities for Research in Astronomy ("Association") for breach of his employment contract. Pending is the Association's motion to dismiss or, in the alternative, for summary judgment. Also pending is Cunningham's motion to amend his complaint. For the following reasons, the motion to amend will be granted and the motion to dismiss denied as moot.

I.  Background

The Association is a consortium of universities and educational institutions that operates the Space Telescope Science Institute (the "Institute") in Baltimore, Maryland. Def.'s Mot. to Dismiss, p. 2. Cunningham was employed at the Institute as a test engineer from 1993 to 1997. Plaint.'s

1

Response to Def.'s Mot. to Dismiss, p. 1, 3.

Cunningham contends that in the fall of 1996 he began experiencing arm pain associated with carpal tunnel syndrome. *Id* at p. 1. Cunningham's doctors recommended that he change his work environment and later advised him to stop working. *Id* at p. 2. Cunningham filed a worker's compensation claim in June, 1997 and resigned soon after. *Id* at p. 3.

Cunningham's health insurance benefits were terminated on June 30, 2002. Def.'s Mot. to Dismiss, p. 3. However, the Institute's insurance carrier awarded him long term disability benefits in December, 1997. *Id.* As a result, the Institute reinstated his medical benefits pending a final determination of his disability claim. *Id.* Cunningham's long term disability payments were ended in June, 2000 and the Institute terminated his medical benefits in March, 2002. *Id* at p. 3-4.

On March 22, 2005, Cunningham sued the Association in Circuit Court for Baltimore City, alleging that the termination of his benefits constituted a breach of his employment contract. The case was removed to this Court on April 21, 2005.

The Association has moved to dismiss or for summary judgment arguing that the Employment Retirement Income Security Act of 1974 ("ERISA") preempts state common law actions seeking to recover benefits due under an employee benefit plan. Cunningham now seeks to amend his complaint, arguing that the termination of

his benefits violated ERISA.

II.  Motion to Amend

Under Rule 15(a) "a party may amend the party's pleadings only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Motions for leave to file an amended complaint are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels,* 389 F.3d 444 (4th Cir. 2004); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Davis v. Piper Aircraft,* 615 F.2d 606 (4th Cir. 1980); *Openshaw v. Cohen, Klingenstein & Marks*, 320 F.Supp.2d 357 (D.Md. 2004).

The Association argues that forcing it to respond to the amended complaint will be unduly prejudicial insofar as: 1) the Association has already expended time and resources in filing a dispositive motion; and 2) the discovery schedule will need to be amended.  Cunningham argues that his failure to sue under ERISA was not strategic, but simply the mistake of a movant untrained in the law.

Although Cunningham delayed from March, 2005 to January,

3

2006 in moving to amend his complaint, as he is proceeding *pro se*, there is no reason to believe that Cunningham was aware of ERISA but made a strategic decision to bring his claims under state law.  Although the Association has already filed a dispositive motion, the time and effort likely expended is not so great as to necessitate denying Cunningham the opportunity to pursue his claims.

In addition, discovery is not set to close until April 28, 2006 and the gravamen of Cunningham's complaint remains unchanged.  As a result, any change in the discovery schedule, if any, will be limited.

As Cunningham did not delay unduly and the prejudice to the Association will be limited, the Court will grant Cunningham's motion to amend the Complaint.  Accordingly, the motion to dismiss will be denied as moot.

<u>March 22, 2006</u>                    <u>        /s/            </u>
Date                             William D. Quarles, Jr.
                                 United States District Judge